# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# AT KANSAS CITY

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 15-41689-can |
| K & K, INC., | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |

## MOTION TO PROHIBIT USE OF CASH COLLATERAL
## AND SEQUESTRATION OF RENTS

COMES NOW Real Property Group, LLC, a Creditor in the above estate, ("**Lender**") by and through undersigned counsel, and hereby files its Motion to Prohibit Use of Cash Collateral and Sequestration of Rents (the "**Motion**"), and states as follows:

**I.  Introduction.**

1. As of filing of this Motion, K & K, Inc., a Missouri corporation, (the "**Debtor**") has not obtained permission of Lender or an order of this Court authorizing the use of cash collateral, nor has Lender consented to such use. Lender files this Motion to enforce its interest in the cash collateral of Debtor under its Deed of Trust (defined below) and ensure protection of its interests, including any necessary adequate protection.

**II.  Jurisdiction.**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and applicable Supreme Court precedent. Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409.

**III.  Statement of Facts.**

A.  <u>The Loan</u>

3. On October 19, 2011, Debtor, Mia Investments, Inc., a Missouri corporation, a Mia Enterprises, Inc., a Missouri corporation (collectively, the "**Borrowers**") executed a

50577198.1

Promissory Note (as modified, the "**Note**") in favor of Bank of the Prairie ("**Original Lender**") in the original principal amount of $986,447.65 (the "**Loan**"). The initial maturity date of the Note was August 3, 2014. A copy of the Note is attached to this Motion and incorporated herein by reference as **Exhibit A**.

4.      Repayment of the Note was secured by a Deed of Trust With Future Advances and Future Obligations Governed by Section 443.055 RSMO (the "**Deed of Trust**") dated October 19, 2011 (the "**Deed of Trust**"), executed by Debtor in favor of Original Lender and describing as collateral certain real property located in at 1716-1726 W. 39th Street, Kansas City, Missouri, as more fully described therein (the "**Real Property**"), improvements thereon, and certain personal property owned by Debtor (collectively with the Real Property, the "**Collateral**"). A copy of the Deed of Trust is attached to this Motion and incorporated herein by reference as **Exhibit B**.

5.      The Deed of Trust was recorded in the real property records of the Jackson County, Recorder of Deeds Department (the "**Official Records**"), on November 1, 2011, as Instrument 2011E0102092.

B.      <u>Modification Agreements Between the Debtor and the Original Lender.</u>

6.      Pursuant to that certain Modification Agreement dated June 24, 2013, from Borrowers to Original Lender (the "**First Modification Agreement**"), the payment terms under the Note were modified to be interest only payments from June 3, 2013 to September 2, 2013, with normal payments of $5,141.88 beginning on September 3, 2013, and continuing to the maturity date. A copy of the First Modification Agreement is attached to this Motion and incorporated herein by reference as **Exhibit C**.

2

50577198.1

7. Pursuant to that certain Modification Agreement dated August 3, 2014, from Borrowers to Original Lender (the "**Second Modification Agreement**"), the maturity date under the Note was extended to November 3, 2014, and two addition monthly payments of $5,141.88 were required under the Note. A copy of the Second Modification Agreement is attached to this Motion and incorporated herein by reference as **Exhibit D.**

C.   Default of the Debtor under the Note and Deed of Trust.

8. The Note matured by its own terms on its extended maturity date of November 3, 2014, without payment in full to Original Lender or extension of the maturity date by Original Lender. Thus, a default and event of default occurred under the Note and Deed of Trust.

D.   Forbearance by Original Lender.

9. Pursuant to that certain Letter Agreement dated March 26, 2015 (the "**Letter Agreement**"), from Original Lender to the Borrowers and Mia Jamison (collectively, the "**Obligors**") Lender would forbear from execution on the Note and Deed of Trust until June 10, 2015, to give the Obligors time to sell the Collateral and in return Obligors agreed that:[1]

- They were in default under the Note, the indebtedness owed under the Note was accelerated, and as of March 30, 2015, $666,498.12 was due under the Note for principal, interest and late charges, plus interest thereafter at the contract rate of $149.15 per day, and Obligors also owed $6,974.28 in attorneys fees, plus interest thereafter on those amounts at the contract rate;

- Borrowers were required to make a payment of $5,000.00;

- Obligors would deliver a warranty deed for the Real Property (the "**Deed**") and a Bill of Sale for any remaining Collateral (the "**Bill of Sale**"), and an Estoppel Affidavit (the "**Estoppel Affidavit**") for Original Lender to hold in escrow pending the intended sale of the Collateral by Debtor by June 10, 2015;[2]

---

[1] Lender's description of the terms of the Letter Agreement is for summary purposes only, and is not a full or complete recitation of all terms of the Letter Agreement. All terms of the Letter Agreement are as more fully described in the Letter Agreement and are not modified, supplemented or interpreted by this summary.

[2] Copies of the Deed, Bill of Sale, and Estoppel Affidavit are attached to this Motion and incorporated herein by reference as **Exhibits G, H,** and **I**.

3

50577198.1

- All amounts due under the Note and Letter Agreement would be paid by June 10, 2015, or Original Lender could record the Deed and the Bill of Sale would take effect without further notice;

- Under no circumstances would Obligors by released from their obligations under the Loan Documents (as defined below) except by payment in full and all the Collateral would continue to be secured after delivery of the Deed, Bill of Sale and Estoppel Affidavit and no release given be delivery of those documents;

- Not contest a motion for stay relief pursuant to the terms of 11 U.S.C. § 362; and

- Obligors waive and release all claims against Original Lender.

A copy of the Letter Agreement is attached to this Motion and incorporated herein by reference as **Exhibit E**.

10. Pursuant to that certain Modification Agreement dated March 30, 2015, from Obligors to Original Lender (the "**Third Modification Agreement**"), the Note payment terms were changed to a balloon payment of $673,472.40 due on June 10, 2015. A copy of the Third Modification Agreement is attached to this Motion and incorporated by reference as **Exhibit F**.

E.  Assignment of the Loan Documents to Lender.

11. Effective as of May 31, 2015, the Original Lender assigned to Lender all rights in the Loan Documents (as defined below), and Lender became the holder of the Loan Documents and assumed the right to receive payments due on the Loan Documents and to enforce all rights and remedies granted by the Loan Documents. The Loan Documents were assigned by the Original Lender to Lender pursuant to (i) that certain Allonge dated May 31, 2015, (the "**Allonge**") and (ii) that certain Assignment of Deed of Trust dated May 31, 2015 (the "**DOT Assignment**" and, collectively with the Allonge, the "**Assignment Documents**"). The DOT Assignment was duly recorded in the Official Records on June 18, 2015, as Instrument Number 2015E0051902. A copy of the DOT Assignment is attached to this Motion and incorporated

50577198.1

herein by reference as **Exhibit J**. A copy of Allonge, as affixed to the Note, is included with the Note as part of <u>Exhibit A</u> attached to this Motion and incorporated herein by reference.

12. Collectively, the Note, the Deed of Trust, the First Modification Agreement, the Second Modification Agreement, the Third Modification Agreement, the Letter Agreement, the Deed, the Bill of Sale, the Estoppel Affidavit, and the Assignment Documents are sometimes collectively referred to herein as the "**Loan Documents**."

13. Lender is the current holder and owner of the Loan Documents.

F.   <u>The Bankruptcy Filing</u>

14. On the day that the forbearance under the Letter Agreement ended and Debtor was to close the sale of the Real Property, the Debtor quick filed the above captioned case (the "**Bankruptcy**") under Chapter 11 of the United States Bankruptcy Code on June 10, 2015 (the "**Filing Date**").

15. Debtor is currently operating as a Debtor in Possession, no Trustee or Committee has yet to be appointed.

16. Debtor has three years of unpaid real estate taxes owing to Jackson County, Missouri on the Real Property.

**IV.   Request for Relief**

17. The Debtor may have been engaged in the unauthorized use of cash collateral since the Filing Date, June 10, 2015. Lender has never consented to the use of cash collateral nor has the Debtor sought, much less obtained Court authorization for such use. As a result, Debtor has dissipated the cash collateral and diminished the collateral value of Lender in complete derogation of the rights and protections afforded to Lender under the Bankruptcy Code

5

50577198.1

18. Pursuant to 11 U.S.C. § 552(b), the secured claim of Lender extends to the proceeds, products, offspring, rents and profits acquired by the Debtor and its bankruptcy estate after the Filing Date, which includes any rents and profits generated from the above-referenced Collateral. Lender is entitled to any current and future rents or profits generated from the Real Property. Further Lender has filed its protective 11 U.S.C. § 546(b) perfecting its interest in the post-petition income, rents and profits generated from the Collateral.

19. Pursuant to 11 U.S.C. § 363(e), Lender requests the Court to enter its Order prohibiting any use of cash collateral by Debtor. Lender requests the Court not allow any future use of cash collateral unless and until Lender is afforded adequate protection for its cash collateral interest. At a minimum, such adequate protection should include the following:

  a) immediate deposit into a segregated account (the "**Segregated Account**") with a bank approved by the office of the U. S. Trustee and Lender of funds equal in value to all cash collateral expended by Debtor since the Filing Date;

  b) ongoing deposit into the Segregated Account of all cash collateral now held and hereinafter collected by Debtor;[3]

  c) use of cash collateral only on the basis of strict adherence by Debtor to a budget approved by this Court which contains accurate line item detail of monthly income and necessary expenses of Debtor's business operations;

  d) grant of a first-priority, post-petition lien on all assets of Debtor to secure the use of cash collateral by Debtor, which lien shall be deemed to be effective and perfected by and through entry of the Court's order without

---

[3] 11 U.S.C. § 363(c)(4) provides in pertinent part that debtor "shall segregate . . . any cash collateral in the [debtor's] possession, custody or control."

the necessity of the execution by Debtor of any security agreements or the filing of any financing statements;

e) grant of a superpriority administrative expense claim under 11 U.S.C. § 507(b) to the extent that the adequate protection provided to Lender proves insufficient to satisfy its claim for the use of cash collateral;

f) reasonable access by Lender to Debtor's business premises to monitor the Collateral, including income and expense statement, rent rolls, copies of existing leases, tax returns, and financial projections;

g) prompt submission by Debtor to Lender of monthly reports detailing all expenditures on a line item basis as well as such other financial information as Lender may request from time to time;

h) disgorgement of any and all payments to insiders, officers and directors of Debtor since the petition date to the extent that such payments were funded by cash collateral;

i) automatic and immediate termination of any authorization to use cash collateral in the event of Debtor's violation of any conditions or terms for use of cash collateral and the filing by Lender of a notice of termination with the Court stating the nature of such violation(s); and

j) retention by Lender of all rights under the Bankruptcy Code or any other applicable law to seek additional adequate protection, limitations on Debtor's use of cash collateral, appointment of a trustee, conversion to Chapter 7 or such other remedy as Lender may deem necessary and appropriate.

9.      In addition, Lender would request adequate protection of its interest in the collateral for its Loan by requiring the Debtor to immediately commence monthly payments of interest at the full contract on its obligation to Lender and immediate escrowing of all funds necessary to cure the three year tax arrearage owing on the Collateral.

10.     Lender reserves and retains all of its other rights, claims, and interests herein, including its claims against Obligors, individually, and its rights to amend this Motion. Further, Lender reserves and retains its rights to institute a state court collection action against the Obligors, other than Debtor, as permitted by this Court.

WHEREFORE, Lender moves the Court for entry of its Order granting relief as hereinbefore described and such other and further relief as the Court deems just in the premises.

Dated: June 18, 2015

        Respectfully Submitted,

        POLSINELLI PC

        By: */s/ Andrew J. Nazar*
            PAUL D. SINCLAIR (MO #26732)
            ANDREW J. NAZAR (MO #57928)
            900 West 48th Place, Suite 900
            Kansas City, Missouri 64112
            (816) 753-1000
            Fax No. (816) 753-1536
            psinclair@polsinelli.com
            anazar@polsinelli.com

        ATTORNEYS FOR REAL PROPERTY GROUP, LLC

## CERTIFICATE OF SERVICE

I, Andrew J. Nazar, hereby certify that on the 18th day of June, 2015, a true and correct copy of the *Motion to Prohibit Use of Cash Collateral and Sequestration of Rents* was served electronically by ECF notification from the Court to Debtor's counsel, the U.S. Trustee, and all interested parties.

*/s/ Andrew J. Nazar*

50577198.1